UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL W. JENKINS,

                                    Plaintiff,

                    -against-

BRYAN WALLS, HSA Otisville FCI;
ALFONSO LINLEY, Acct CD/DR Otisville
FCI; JAYNE VANDER HEY-WRIGHT, PA
Otisville FCI; J. PETTRUCCI, Warden
Otisville FCI; DEES, AHSA Otisville FCI;
LeMASTER, Asst. Warden Otisville FCI;
MALDANADO, Asst. Warden – Ret.
Otisville FCI; VAN BLANKENSEE, Warden-
Transfer Tucson FCI,

                                    Defendants.

20-CV-1224 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated in the Low Security Federal Correctional Institution in

Butner, North Carolina, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of

the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants were deliberately

indifferent to his serious medical needs. By order dated February 13, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action regarding events that arose while he was incarcerated in Otisville Federal Correctional Institution in Orange County, New York. The following allegations are taken from the complaint: Plaintiff has a serious medical condition characterized by nerve degeneration and muscle weakness in his feet and legs. (ECF No. 2, at 5.) He asserts that Defendants have been unable to determine what is wrong with him and have delayed or denied him necessary medical care. Plaintiff states that he is permanently confined to a wheelchair and that because of Defendants' delay in providing him with health care, his condition may be irreversible. (*Id.* at 4, 5.) He sues Health Services Administrator ("HSA") Bryan Wells, Dr. Alfonso Linley, physician's assistant Jayne Vander Hey-Wright, Warden J. Pettrucci; Assistant HSA Dees, Assistant Warden LeMaster, Assistant Warden (retired) Maldonado, and former Otisville (now Tucson FCI) Warden Van Blankensee.

Plaintiff annexes to the complaint 99 pages of medical records, emails, and other documents detailing his condition, the treatment he has received, and his correspondence with Otisville medical staff, including many of the Defendants. The documents indicate that since arriving at Otisville on June 21, 2017, Plaintiff has been seen by multiple doctors including doctors at the facility's Chronic Care Clinic, a podiatrist, multiple orthotics specialists, and facility medical staff. He has undergone repeated testing including, "but not limited to: MRIs, nerve conduction studies, CTs, x-rays, multiple lab tests and consults," and a nerve biopsy. (*Id.* at 11.) In addition, Plaintiff was provided with a CAM boot, fitted for diabetic orthotic shoes to help reduce stress on his foot, and provided with a wheelchair. The documents further indicate that Otisville medical staff answered Plaintiff's questions "addressing Charcot Marie Tooth

Disease, Hallux Valgus, peripheral nervous system, antalgic gait, bony hypertrophy, delayed callus formation, joint space, activities of daily living, calcaneal spur, atrophy, non-displaced, open bone, closed bone, NSAIDS, and demyelination." (*Id.* at 84.)

Plaintiff seeks money damages and a preliminary and permanent injunction prohibiting Defendants from retaliating against him. (*Id.* at 5.)

## DISCUSSION

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, caselaw from actions brought under § 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2d Cir. 2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

### A.     Inadequate medical care

The Supreme Court has recognized an implied *Bivens* remedy under the Eighth Amendment's cruel and unusual punishment clause in actions asserting deliberate indifference to a prisoner's medical needs. *See Carlson v. Green*, 446 U.S. 14, 17-20 (1980). To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). Deliberate indifference claims include an objective component and a subjective

component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Prisoners alleging deliberate indifference to their medical needs must satisfy both components to state a claim under the Eighth Amendment.

The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *See*

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" to satisfy the subjective component of the deliberate indifference standard).

Here, the complaint suggests that Plaintiff has a serious medical need. Plaintiff alleges that he has nerve degeneration, muscle weakness, and is confined to a wheelchair. Documents annexed to the complaint further indicate that Plaintiff has been diagnosed with diabetes and polyneuropathy, among other conditions.

But the documents that Plaintiff annexes to the complaint belie his assertion that Defendants knew of and disregarded an excessive risk to his health by failing to take reasonable measures to avoid the harm.[2] Plaintiff was seen by numerous doctors, including multiple specialists, and underwent repeated testing in order to identify what was wrong with him. Otisville medical staff provided Plaintiff with multiple medical assistive devices and the attached documents indicate that Plaintiff regularly emailed, and received responses from, Health Services staff. Many of the responses from Health Services staff indicate that Plaintiff should address his medical questions during his regular clinical visits, *see, e.g.*, *id.* at 33, 54, or schedule a sick call, *see, e.g.*, *id.* at 45, or that his questions had previously been responded to, either during a previous visit or in a prior email, *see, e.g.*, *id.* at 38.

Plaintiff's contention that Defendants ignored his medical needs appears to be primarily based on a note from an orthopedist that indicated Plaintiff's "pertinent history" included

---

[2] While the Court is required to accept as true all well-pleaded factual allegations in a complaint, "where a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 641 F.3d 140 (2d Cir. 2011).

"Charcot Marie Tooth Disease" ("CMT").[3] (*Id.* at 27.) The correspondence between Plaintiff and facility medical staff demonstrates his frustration that the doctors and specialists he saw would not diagnose him with CMT or provide him with what he believes is an appropriate amount of information on the disease. But the documents attached to the complaint again belie Plaintiff's claim that Defendants ignored his medical needs. For example, Vander Hey-Wright sent Plaintiff numerous emails in response to his questions and concerns about CMT. *See, e.g.*, *id.* at 32 (distinguishing between charcot foot disease and Charcot Marie Tooth Disease and stating, "You have never been diagnosed with Charcot Marie Tooth Disease"); *id.* at 34 ("You do not have nor are [you] suspected of having Charcot Marie Tooth Disease."); *id.* at 36 (stating that Plaintiff's prior medical records state "that your foot problems could possibly be due to Charcot Foot – NOT Charcot-Marie-Tooth Disease," and providing additional information including links to WebMD pages). Moreover, the documents indicate that Plaintiff was in fact tested for CMT. Those tests confirmed Plaintiff's diagnosis of polyneuropathy but were inconclusive as to CMT. (*Id.* at 11.)

Plaintiff's allegations do not suggest that any of the Defendants ignored a substantial risk of harm to Plaintiff. Rather, the complaint indicates that Plaintiff has been seen by several specialists, has undergone extensive testing, and has been provided with multiple medical assistive devices. Plaintiff's allegations suggest that he and his doctors disagreed as to a diagnosis and the proper treatment for his condition. Such disagreements do not rise to the level of a constitutional violation. *See Chance*, 143 F.3d at 703. The Court therefore dismisses

---

[3] CMT is a neurological disorder that derives its name from the individuals who first identified it: Jean-Martin Charcot, Pierre Marie, and Howard Henry Tooth. It is not a tooth disease.

Plaintiff's deliberate indifference claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Request for preliminary injunction

Plaintiff requests, among other relief, a preliminary injunction ordering Defendants to "not retaliate." (ECF No. 2, at 5.) To obtain preliminary relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submission does not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, the Court denies Plaintiff's request for a preliminary injunction.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill*, 657 F.3d at 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court is doubtful that Plaintiff can amend the complaint to state a valid § 1983 claim, in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to state a claim.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff must allege facts suggesting that the defendants acted with a sufficiently culpable state of mind in failing to treat his serious medical needs. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-1224 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   March 6, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes ☐ No

(check one)

\_\_\_ **Civ.** _____ ( )

---

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
            ID#_____
            Current Institution_____
            Address_____
            _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                Where Currently Employed _____
                Address _____
                _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.    Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<div style="border:1px solid black; display:inline-block;">Was anyone else involved?</div>

_____
_____
_____
_____
_____

<div style="border:1px solid black; display:inline-block;">Who else saw what happened?</div>

## III.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.     Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.　　Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

　　　　Yes _____　　No _____　　Do Not Know _____

C.　　Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

　　　　Yes _____　　No _____　　Do Not Know _____

　　　　If YES, which claim(s)?
　　　　_____

D.　　Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

　　　　Yes _____　　No _____

　　　　If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

　　　　Yes _____　　No _____

E.　　If you did file a grievance, about the events described in this complaint, where did you file the grievance?
　　　　_____

　　　　1.　　Which claim(s) in this complaint did you grieve?
　　　　　_____

　　　　　_____

　　　　2.　　What was the result, if any?
　　　　　_____

　　　　　_____

　　　　3.　　What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
　　　　_____
　　　　_____
　　　　_____
　　　　_____

F.　　If you did not file a grievance:

　　　　1.　　If there are any reasons why you did not file a grievance, state them here:
　　　　　_____
　　　　　_____
　　　　　_____

_____
_____
_____

2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:     You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.     Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes _____   No _____

       If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there
       judgment in your favor?  Was the case appealed?)  _____
       _____
       _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.


                    Signature of Plaintiff     _____

                    Inmate Number             _____

                    Institution Address        _____

                                              _____

                                              _____

                                              _____


Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
       their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                    Signature of Plaintiff:  _____