UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL W. JENKINS,

              Plaintiff,

-against-

BRYAN WALLS, HSA Otisville FCI;
ALFONSO LINLEY, Acct CD/DR Otisville
FCI; JAYNE VANDER HEY-WRIGHT, PA
Otisville FCI; J. PETTRUCCI, Warden Otisville
FCI; DEES, AHSA, Otisville FCI; LeMASTER,
Asst. Warden, Otisville FCI; MALDANADO,
Asst. Warden – Ret., Otisville FCI; VAN
BLANKENSEE, Warden – Transfer, Tucson
FCI,

              Defendants.

20-CV-1224 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is incarcerated in LSCI-Butner, in Butner, North Carolina, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 6, 2020, Chief Judge McMahon directed Plaintiff to amend his complaint to address deficiencies in his original pleading. The Court received Plaintiff's amended complaint on May 21, 2020, and the Court has reviewed it. For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are taken from the amended complaint.[1] Plaintiff suffers from a degenerative nerve condition that has resulted in muscle deterioration and left him with limited mobility. (ECF No. 7, at 3.)[2] The precise nature of his condition is "unknown as of yet." (*Id.*) Plaintiff arrived at FCI Otisville on June 21, 2017, and on August 28, 2017, a podiatrist recommended that he stop wearing a cam-boot he had been prescribed and informed him that he could put pressure on his foot. On September 16, 2017, "as per request of the podiatrist, Mr. Walls and Vander Hey-Wright," Plaintiff resumed putting pressure on his foot. (*Id.* at 13.) "Not more than 30 minutes later," Plaintiff fractured his metatarsal. (*Id.*) The following day, Plaintiff was provided a wheelchair and told by a paramedic that he would have to return the wheelchair the following day and go to sick call. On September 19, 2017, Plaintiff was seen by physician's assistant Jayne Vander Hey-Wright, who told him "there was nothing she could do." (*Id.*)

On September 28, 2017, Plaintiff began asking Vander Hey-Wright about a condition known as Charcot Marie Tooth Disease ("CMT"),[3] which Plaintiff asserts he found in a medical report from his previous orthopedic doctor. Plaintiff sent many messages to Vander Hey-Wright and other medical staff, asking for information about CMT. On October 27, 2017, Vander Hey-

---

[1] In the order to amend, Chief Judge McMahon advised Plaintiff that any amended complaint would replace the original complaint, and he must therefore include in his amended complaint all facts or claims that he wishes to assert. Plaintiff's amended complaint, however, did not include the 99 pages of documents attached to the original complaint that provided context for Plaintiff's claims as well as additional factual detail. The factual allegations in the amended complaint are therefore sparse and often lacking context.

[2] The pages of the amended complaint were scanned out of order. Page numbers refer to those generated by the court's electronic filing system.

[3] CMT is a neurological disorder that derives its name from the individuals who first identified it: Jean-Martin Charcot, Pierre Marie, and Howard Henry Tooth. It is not a tooth disease.

Wright informed Plaintiff that he has never been diagnosed with CMT, and that she will not discuss it further because "it does not pertain to" him. (*Id.* at 11.) Plaintiff maintains that she came to this conclusion "with zero testing." (*Id.*) He alleges that she instead sent him information on Charcot Foot disease, which is a different condition. Plaintiff asked "[e]very person [he] named in this suit" about CMT, but no one provided him with the information he was looking for. (*Id.*)

Plaintiff alleges that Defendants "had [him] do a lot of things," but still do not know what is wrong with him. (*Id.*) He states:

> I count 12 times they done X-rays, I had a MRI, that shows other damage, I seen 2 specialists, 1 that listened and 1 that didn't, and finally afer 2.5 years of the same complaint, a biopsy was done. I was denied going to see the [neurologist] again. For unknown reasons. So I have yet to be told much of anything. (*Id.* at 12.)

Plaintiff asserts that Petrucci, Van Blankensee, LeMaster, and Maldonado denied his requests for a medical transfer, and alleges that if he had been granted such a transfer, his condition "might not have progressed this far." (*Id.* at 12.) Simiarly, if Dr. Linley had "listened to" Plaintiff or scheduled a follow-up appointment sooner, he "could have slowed the progression." (*Id.* at 14.)

Plaintiff is "not for sure what [he] has," but all he knows is that his "legs and hands don't work so good." (*Id.*)

## DISCUSSION

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a

4

showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, case law from actions brought under § 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2d Cir. 2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

The Supreme Court has implied a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18).

To state a *Bivens* claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Prisoners alleging deliberate indifference to their medical needs must satisfy both components to state a claim under the Eighth Amendment.

The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v.*

*Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" to satisfy the subjective component of the deliberate indifference standard).

6

In her order to amend, Chief Judge McMahon dismissed Plaintiff's original claims for inadequate medical care because the original complaint and attachments thereto belied Plaintiff's assertions that any of the defendants recklessly ignored a substantial risk of harm to Plaintiff. Specifically, the original complaint indicated that "Plaintiff was seen by numerous doctors, including multiple specialists, and underwent repeated testing in order to identify what was wrong with him." (ECF No. 6, at 6; *see id.* at 11 (describing the doctors Plaintiff has seen and the tests he has received since coming to Otisville)). Moreover, "Otisville medical staff provided Plaintiff with multiple medical assistive devices and the attached documents indicate that Plaintiff regularly emailed, and received responses from, Health Services staff." (*Id.* at 6.)

Chief Judge McMahon held that Plaintiff's allegations suggest only that he and his doctors disagreed as to a diagnosis and the proper treatment for his condition, and that such disagreements do not rise to the level of a constitutional violation. (*Id.* at 7 (citing *Chance*, 143 F.3d at 703)). Chief Judge McMahon expressed doubt that Plaintiff could amend his complaint to state a viable *Bivens* claim, but given his *pro se* status, granted him sixty days' leave to file an amended complaint that, *inter alia*, alleges facts suggesting that defendants acted with a sufficiently culpable state of mind in failing to treat his serious medical needs.

Plaintiff's amended complaint fails to state a claim for the same reasons stated by Chief Judge McMahon in her order to amend. The amended complaint fails to allege facts suggesting that Defendants knew of and disregarded an excessive risk to his health by failing to take reasonable measure to avoid the harm. Plaintiff's allegations demonstrate his frustration that the

doctors and specialists have been unable to diagnose him,[4] or refuse to diagnose him with CMT,[5] provide him with the specific information he would like, or authorize a medical transfer to another facility. But those allegations suggest that he and defendants disagreed over his diagnosis and appropriate form of treatment, and such disagreements are not actionable under the Eighteenth Amendment. *See Chance*, 143 F.3d at 703; *Bearam v. Sommer*, No. 12-CV-1858, 2013 WL 5405492, at *8 (S.D.N.Y. Sept. 25, 2013) (holding plaintiff's request to be transferred to a another facility to receive different treatment is insufficient to state an Eighth Amendment claim); *see also Bryant v. Wright*, 451 F. App'x 12, 14 (2d Cir. 2011) ("The bare allegation that the treatments have so far been unsuccessful is insufficient to state a claim for deliberate indifference.").

The Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

---

[4] Plaintiff asserts in the amended complaint that the doctors and other defendants have been unable to diagnose his condition. But the documents attached to his original complaint show that he has been diagnosed with polyneuropathy, among other conditions. (*See* ECF No. 2, at 13 ("You have polyneuropathy in the lower and upper limbs with fractures in the feet. . . . [Y]ou have other conditions that could have caused axonal loss other than CMT including diabetes, alcoholism, B12 deficiency and methamphetamines abuse.")). The biopsy performed on Plaintiff confirmed the diagnosis of polyneuropathy. (*Id.* at 11.)

[5] Plaintiff asserts in the amended complaint that Vander Hey-Wright told him that he did not have CMT without performing any tests on him. But the documents appended to the original complaint show that Otisville medical staff did in fact test Plaintiff extensively; those tests were inconclusive as to CMT. (*See* ECF No. 2, at 13 ("Health Services has done extensive testing relating to your neuropathy and insistence on Charcot-Marie-Tooth disease (CMT). All testing for this specific disease has been inconclusive.")).

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   July 7, 2020
         New York, New York

                                        _____
                                              LOUIS L. STANTON
                                                   U.S.D.J.

9